| .KLEES, Chief Judge.
Plaintiff, the City of New Orleans, appeals the trial court’s judgment that the settlement agreement between the City of New Orleans and defendant Audrey Bradley is valid and enforceable. We affirm.
On January 3, 1994, a judgment was rendered in favor of Bradley and against the City of New Orleans, assessing against the City seventy-five percent (75%) of the liability for the damages caused to Bradley. The judgment against the City was for a principal value of approximately $3.9 million with accrued interest. After the judgment was rendered, the City appealed. However, on March 14, 1994, Bradley and the City entered into a negotiated Settlement Agreement. At the time of the Agreement, the value of the judgment exceeded $5.5 million.
The Settlement Agreement provided for a total payment to Bradley of $4.1 million. Specifically, the Agreement called for an initial payment of $850,000 to | ¡¡be made to Bradley by April 30, 1994, and for the remaining $3,250,000 to be paid either within a year, or over four years, at the City’s option.
Although the City paid Bradley the $850,000 on April 29, 1994, the City thereafter changed administrations and has failed to make the remaining payment(s) under the settlement. Further, on August 24, 1994, the City petitioned to annul the Settlement Agreement and to obtain the $850,000 previously paid.
Bradley filed a motion for Summary Judgment to have the agreement declared valid and enforceable. The trial court, as well as this court, found that there were no genuine issues as to any material fact and that under the law, the Agreement between the City and Bradley is valid and that she was entitled to a Summary Judgment. However, the Louisiana Supreme Court set aside the Summary Judgment finding that there were genuine issues of material fact as to whether the settlement was authorized in accordance with applicable law and the case was remanded to the district court.
On April 30, 1998, the district court dismissed the City’s petition and found that the Settlement Agreement is valid and enforceable. This appeal followed.
The sole issue on appeal is whether the agreement between the City and Bradley was duly authorized in accordance with the Home Rule Charter of the City of New Orleans. The City argues that the New Orleans Charter does not grant the City Attorney the right to sign contracts, nor does it allow the City to act beyond the mandates of the Charter. The City relies upon Sections 4-206, 4-401(5) and 6-307(1) of the Charter for the proposition that the City Attorney is not authorized to sign contracts. The City’s argument is without merit.
Section 4-206 sets forth the “Powers and Duties” of the Mayor and provides, in pertinent part:
| ^Section b-206. Powers and Duties.
(1) Executive and Administrative Powers. The Mayor shall be the chief executive officer of the City. He shall have the power and shall be required to:
* * * * * *
(i) Sign contracts, bonds or other instruments requiring the assent of the City except those which the Director of Finance or other officer is authorized to sign. (Emphasis added).
Section 4-401sets forth the “Functions” of the Department of Law, headed by the City Attorney, and provides, in pertinent part:

*355
Section 4.-4.01. Functions.

The Department of Law, headed by a City Attorney shall:
(1) Direct and supervise the legal affairs of the City.
$ sfc % ifc
(3) Have charge of all legal matters in which the City has an interest, or to which the City is a party, with power and authority,' when directed by the Mayor, or the council to institute and prosecute or to intervene in any and all suits or other proceedings...
^ ^
(5) Prepare, or approve as to form and legality, all contracts, documents and instruments creating any legal or conventional obligation affecting the City.
Although the City relies on section 6-307(1) to support the argument that all city contracts must be signed by either the Mayor, the Director of Finance or the Director of Property Management, we find that this section falls under the chapter “Procurement and Disposition of Property” and has no application to a settlement of a legal claim.[1]
Appellate courts may not set aside a trial court’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong”. Rosell v. ESCO, 549 So.2d 840 (La.1989). Further, where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Id. Thus, if the trial court’s decision is reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though the appellate court would have weighed the evidence differently-
In reviewing section 4-206(1) and 4-401, we agree with the trial court that the Mayor may delegate authority to the City Attorney to sign a Settlement Agreement. As stated above under section 4-401, the City Attorney is an officer of the city and the head of the Department of Law. The City Attorney, among other duties, is in charge of all legal matters in which the City has an interest. Accordingly, we find that under 4-206, the Mayor may authorize the City Attorney, an “officer” of the City of New Orleans, to sign a Settlement Agreement.
Further, the record supports the claim that former Mayor Sidney Barthele-my authorized Ms. Kathy Torreganos’, a former City Attorney, to sign the settlement agreement between Ms. Bradley and the City of New Orleans. Ms. Torregano testified at trial that she “had the conversation with him [former Mayor Sidney Barthelemy] prior to the formulation of this agreement” and that she had the understanding that he had “approved the terms” and that he just wanted her to terminate the matter. Former Mayor Barthelemy testified that he “authorized her [Ms. Torregano] to go through and settle the case. And she [Ms. Torregano] would have signed the agreement, I think the City Attorney signed most of the agreements in the city government.”
Therefore, we find no manifest error by the trial court in dismissing the City’s petition to “Annul Compromise and Obtain Return of Funds Paid” and | ^declaring that the Settlement Agreement between the City of New Orleans and Audrey Bradley is valid and enforceable. Accordingly, we affirm the trial court.

AFFIRMED.

. Section 6-307 states that "[a]ll formal written contracts to which the City is a party shall be signed by the Mayor, or under his authorization, by the Director of Finance or the Director of Property Management. Contracts may be proposed by any officer, department or board but, before being presented for signature, shall be approved by the Department of Law as to form and legality.”